CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN THOMAS NEALSON,** ) | |
|    Plaintiff, ) | Case No. 7:23-cv-00444 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **SGT. STONE, et al.,** ) | Chief United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Christian Thomas Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against five correctional officials at Keen Mountain Correctional Center. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.   Background

Nealson is currently incarcerated at Keen Mountain Correctional Center. His complaint stems from actions that allegedly occurred at that facility on January 11, 2023. He alleges that the named defendants—Sgt. Stone, Correctional Officer Stacey, Correctional Officer Keene, Correctional Officer Stanley, and Unit Manager Reynolds— were "posted in A Building [on that date] during day shift." Compl, ECF No. 1, at 2.

Nealson specifically complains about the officers' use of flashlights during their assigned shift on January 11, 2023. He alleges that Stone, Stacey, Keene, and Stanley used their "LED flashlight to get inmates' attention in the pod" by shining the flashlight in inmates' faces. Id. at 4. When Nealson complained to Unit Manager Reynolds about the use of

flashlights, Reynolds "made excuses" and instructed Nealson to "pay attention when staff is trying to get [inmates'] attention." Id. Nealson alleges that shining a flashlight in the direction of his eyes affects his vision and that a "period of partial/temporary blindness" could make him "vulnerable to attacks from other inmates." Id. Nealson seeks monetary damages and injunctive relief. Id. at 3.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).\* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019).

---

\* Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes the complaint as attempting to assert a claim of deliberate indifference to inmate health or safety, in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment protects inmates from cruel and unusual punishment and imposes an affirmative obligation on prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively, sufficiently serious." Id. "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with 'deliberate indifference.'" Id. at 361. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to [an inmate's] health or safety." Farmer, 511 U.S. at 837.

3

"Put differently, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed <u>and</u> drew that inference." <u>Heyer v. United States Bureau of Prisons</u>, 849 F.3d 202, 211 (4th Cir. 2017). This is an "exacting standard," which is not met by "mere negligence." <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014).

Applying these principles, the court concludes that Nealson's complaint fails to state a claim upon which relief may be granted. Even assuming that his allegations of temporary blindness are sufficient to satisfy the objective component of an Eighth Amendment claim, he has not plausibly alleged that any of the named defendants actually knew of and disregarded a substantial risk of serious harm when they used flashlights to get inmates' attention on January 11, 2023. Likewise, Nealson has not pled sufficient facts to allow the court to reasonably infer that Unit Manager Reynolds acted with deliberate indifference to Nealson's health or safety when responding to his complaint about the use of flashlights on that date. Accordingly, the complaint fails to state a cognizable claim under the Eighth Amendment against any of the named defendants.

## IV.  Conclusion

For the foregoing reasons, the court concludes that Nealson's complaint must be dismissed for failure to state a claim upon which relief may be granted. Based on his status as a <u>pro se</u> litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days. An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 17:15:30
-04'00'

Michael F. Urbanski
Chief United States District Judge